UNITED STATES DISTRICT COURT
For the
Eastern District of New York

_____x

Ye Olde Time Keepers Inc.                                      2:17 cv 04377 (ADS – ARL)
        Plaintiff
        vs.

C.R. Martin Auctioneers, Inc.
        Defendant and Third-Party Plaintiff
        vs.

Quisheng Li, Edwin Li and E.M. Time Company
        Third Party Defendants

_____x


**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO 28 USC § 1367, FAILURE TO STATE A CAUSE OF ACTION, OR, IN THE ALTERNATIVE, TO TRANSFER**


Martin Mushkin, (7921)
*Law Office of Martin Mushkin, LLC*
*Counsel to EM Time Company and Edwin Li*
1100 Summer St.
Stamford, CT 06905
Tel; 203-252-2357
Fax: 203-547-7540
Email: mmushkin@mushkinlaw.com

1

**TABLE OF
CONTENTS**

**Page(s)**

I.      INTRODUCTION AND STATEMENT OF FACTS ................................................... 2

II.     HERE ARE THE PARTIES ...................................................................................... 2

    A.   Ye Olde Time Keepers, Inc. is a New York corporation ..................................... 2

    B.   C.R. Martin Auctioneers, Inc. D/B/A CLARS Auction Gallery's is a California
    corporation.......................................................................................................... 2

    C.   EM Time Company is a California corporation .................................................... 3

    D.   Edwin Li is the sole stockholder and the President of EM Time Company.......... 3

    E.   Qiusheng Li is a resident of China ...................................................................... 3

III.    PROCEDURAL HISTORY ...................................................................................... 4

IV.     THERE IS NO CONTRACT WITH EDWIN LI OR EM TIME ................................ 6

V.      PIERCING THE CORPORATE VEIL....................................................................... 6

VI.     TORT CLAIMS ....................................................................................................... 8

VII.    THE COURT SHOULD EXERCISE ITS DISCRETION UNDER  28 U.S.C. §
    1367(c)(4) TO DISMISS THIS CASE ..................................................................... 9

    A.   The Court Maintaining Jurisdiction Over Edwin Li and E.M. Time Is Highly
    Inconvenient and Unfair ……………………………………………………… 10

VIII.   CONCLUSION…………………………………………………………………… 12

EDWIN LI ("Edwin") and E.M. TIME COMPANY ("EM Time") (Collectively "Third-Party Defendants") move to dismiss Third Party Plaintiff C.R. MARTIN AUCTIONEERS, INC. d/b/a CLARS AUCTION GALLERY ("Third Party Plaintiffs" or "CLARS") Third Party Complaint.   This motion is made pursuant to 28 USC § 1367 with reference to Federal Rule of Civil Procedure ("Rule") 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and for improper venue.  Alternatively, the moving third-party defendants seek a transfer of the matter to the Northern District of California pursuant to 28 U.S.C. § 1404.

## I.    INTRODUCTION AND STATEMENT OF FACTS

There are five possible parties in this proceeding.  Simply put, this third-party case does not belong in this Court. Plaintiff Ye Olde, a New York resident, participated,via telephone to a person calling out bids, in a California auction, conducted by a California corporation. It successfully bid on two rare Chinese clocks located in California and consigned by Qiusheng Li, a Chinese consignor. (Sued herein as Quisheng Li.).

## II.    Here are the Parties

i.    Plaintiff Ye Olde Time Keepers, Inc. is a New York corporation ("Ye Olde"). Putting that name into the web shows that it has its office at 315 Madison Ave. New York, NY. Its website boasts

We have placed over 35% of all front covers, back covers or inside front covers of every single auction catalog that has occurred in one of the major auction houses around the world for the past five years….

It also has offices in Los Angeles and Shanghai.  yeoldetimekeepers.com. Succinctly, Ye Olde is a sophisticated player in the antique timepiece auction world.

ii.    C.R. Martin Auctioneers, Inc. D/B/A CLARS Auction Gallery's ("CLARS") is a California corporation with its only facility in Oakland, CA.  Its website states it is a "Full

3

Service Auction Company".  Its website shows it auctions real estate, horse drawn carriages, antiques and what-have-you.  clars.com

iii.     EM Time Company ("EM Time") is a California corporation located in Livermore, CA. It does not have a website. It does deal in rare time pieces.

iv.     Edwin Li is the sole stockholder and the President of EM Time Company.  He and his wife are the only employees of this company.

v.     Qiusheng Li, ("Qiusheng") sued here as Quisheng Li, is a resident of China. He is the father of Edwin Li and believed to be a dealer from time to time in rare Chinese clocks.

There are at least six separate relationships between the parties.  First, Qiusheng consigned two Chinese clocks to CLARS for auction. In so doing, Qiusheng entered into a written consignment with CLARS.  Secondly, EM Time, as a disclosed agent for Qiusheng, arranged delivery of the clocks to CLARS and forwarded a description of the clocks from Qiusheng to CLARS. Thus (thirdly)  EM Time had a relationshjp with its principal, Qiusheng Li. Fourth, Ye Olde effectively bid at the live auction via the customary telephone call to a person physically at the auction who called out Ye Olde's bid.  Fifth, some kind of relationship was established for at least bid purposed between CLARS and Ye Olde.  Sixth, Ye Olde won the auction, and thus had a contractual right to the clocks. Notably, it paid Qiusheng for the clocks, not EM Time, or Edwin Li.  The clocks were shipped from CLARS in California to Ye Olde's designated recipient location in Hong Kong and the shipment paid for by Qiusheng.  Throughout these six transactions, Edwin Li never appears as an individual but appears solely as a corporate officer for a disclosed agent.

### III.    PROCEDURAL HISTORY

Dealer Ye Olde sued auction house CLARS in August, 2017, claiming the description of the clocks CLARS forwarded to it was misleading.  ecf 11. Interestingly, the successful bidder was Jason Nichinson, not Ye Olde.  Ecf. 26, answer to amended complaint ¶1.   On September 11, 2017, CLARS moved to dismiss the complaint pursuant to FRCP 12(b)(2), 12(b)(3) and or to change venue pursuant to 28 U.S.C.§1404(a). ecf  11 and 12.  In its opinion dated: April 17,2018, ecf 24, the Court looked to NY CPLR  302(a)(3)(ii) and denied the motion to dismiss for lack of jurisdiction without prejudice.  It also allowed limited discovery on the question of jurisdiction.  It then denied a transfer pursuant to 28 USC  §1404.

Without going through the limited discovery, CLARS filed its answer to the complaint on May 31, 2018, ecf. 36,.  On June 13, 2018, CLARS wrote the court that it acceded to jurisdiction, ecf. 27, as provided for in the Court's opinion, ecf 24,  Nothing seems to have happened then until December, 2018.  On December 10, 2018 Ye Olde moves for more discovery, ecf. 32.  The motion was denied on February 2, 2019, ecf. 50.

In the meantime, CLARS, with the consent of Ye Olde, moved on December 20, 2018, ecf 34, and received permission to file its third-party complaint, against Edwin Li, EM Time Company and Qiusheng Li, ecf. 37.  The complaint was served on EM Time and on Edwin Li on January 22 and 25, 2019 respectively, This firm filed motions to extend the time of EM Time and Edwin Li to move or answer, ecf 49, 52, and 53.  This motion is filed accordingly.

The current motion deals solely with the relationship between California CLARS, California corporation EM Time, and California resident Edwin Li.

To begin with, with due respect to the Court's decision in this case, we join in the jurisdictional argument made by CLARS in its motion to dismiss insofar as that argument can be

5

applied to jurisdiction over Edwin Li or EM Time. Under the Supreme Court's decision in

Daimler AG v. Bauman, 134 S. Ct. 746, 761 (2014), these third party defendants are not subject

to general jurisdiction here because EM Time as a California corporation headquartered in

California and Edwin Li, a California resident are not "at home" in New York. These third party

defendants do not have, and never has had, systematic or continuous contacts with New York.

Nor are they subject to specific jurisdiction. As recent Supreme Court precedent makes clear,

specific jurisdiction requires that the defendant create suit-related contacts with, and that it have

a specific connection to, the forum state. CLARS fails to identify any such contacts between

these third party defendants and New York bearing on its claim, and therefore fails to make a

prima facie showing that this Court can exercise personal jurisdiction over them, or that venue is

proper here. Dismissal is therefore warranted under Rules 12(b)(2) and 12(b)(3).  *Boschetto v.*

*Hansing*, 539 F.3r 1011, 1018

Now let us deal more specifically with the relationship between CLARS, the California

third-party plaintiff and California third-party defendants, Edwin Li and EM Time. CLARS tried

to support its claims against Edwin Li and EM Time by lumping them together as follows:

17. QUISHENG directly executed the Consignment Agreement.
18. EDWIN completed all other portions of the Consignment Agreement.
19. EDWIN provided handwritten descriptions of the Clocks set forth in the schedule of property attached to the Consignment Agreement.
20. EDWIN identified himself on the Consignment Agreement as the Consignor contact and provided his own contact information, including his direct address, email address
and telephone number.
21. QUISHENG and EDWIN therefore acted as joint Consignors, or alternatively, EDWIN acted as QUISHENG's agent for the consignment of the Clocks.
Third-Party Complaint, ecf. 38.

We submit even the documents submitted by third-party plaintiff CLARS do not support

these allegations. See Martin affirmation, Exh. 34-3,

6

The Edwin Li affirmation states the facts:

14 . Mr. Torres wrote out and presented its Consignment Agreement.  My contact information at EM Time, was placed on the consignment agreement by Mr. Torres with my consent because of Qiusheng's lack of knowledge of English. The handwritten description of the clocks attached to the Consignment Agreement was written by Mr. Torres. The agreement was signed by Quisheng.  Then we left the clocks at CLARS.

## IV.    THERE IS NO CONTRACT WITH EDWIN LI OR EM TIME.

It is clear from the Third-Party Complaint, ecf 38, the Declaration of Redge Martin, ecf. 34-3, the consignment agreement between Clars and Qiusheng which is the noted Exh 3 to the Martin Dec., and the Affirmation of Edwin Li submitted herewith, that there is no contract relationship between third-party plaintiff CLARS and third-party defendants Edwin Li or EM Time. Consequently there is no express or implied warranty imposing any obligation on Edwin Li or EM Time.  If they were parties to the contract, ¶10 of the contract "Entire Contract" would apply and there are neither representations nor warranties.  There is an arbitration provision, . ¶12, which a party to the Consignment Agreement could invoke.

## V.    PIERCING THE CORPORATE VEIL

Without pleading it, in order to reach Edwin Li, CLARS is attempting to pierce the corporate veil of EM Time. The presumption is that the stockholders of a corporation are separate entities.  In addition the presumption is that the officers of a corporation act for the corporation, not for themselves as individuals.  The burden of proof is on the party seeking to disregard the general rule and hold Edwin Li individually liable for his acts.  To do so, there must be allegations establishing the separate personalities of the corporation and the officer do not exist.  Here it is clear that Edwin Li was acting as an officer of EM Time.  He had no skin in the game. CLARS knew this, among other things, by the fact that it transmitted the whole net proceeds to Qiuisheng in Chinal  Edwin Li aff. Indeed EM Time was merely acting as a

7

messenger, a facilitator performing ministerial acts. See Edwin Li aff. The very acts of Edwin Li and EM Time put CLARS on notice that EM Time, and certainly Edwin Li, were not principals in the transaction and undertook no duty to CLARS. Nor does CLARS plead anything showing Edwin Li or EM Time had notice of anything being wrong with the clocks.

EM Time is a real corporation. The affirmation of Edwin Li affirms:

4.     EM Time was incorporated under California law in 2002. EM Time does business from facilities at 2120 Las Pasitas Court, Livermore, California. It has its own bank account (located in California), accounting system, letterhead, phone number, and email address: emtime.com. It has reserved a web address but has not had an online website since about 2016. It does not advertise or solicit business on the web. I am its only full-time employee. I have a credit card in the name of EM Time. I do not charge personal things to it.

5.     EM Time is in the business of buying and selling both new and old clocks as well as Asian arts. It buys and sells for its own account and stores its inventory at its facility at the above address. It also sells on eBay and by consignment to auction houses. The eBay account does not use the name EM Time or my name.

6.     I do not live at 2120 Las Pasitas Court, but have my own home, telephone number and email address. I do not use them for business. (However calls to EM Time roll over to my phone when I am not in the office. In context, please read any reference to "I" or "me" in this affirmation as referring to things I did for EM Time.

First, Edwin Li, denies that description of the clocks attached to the Consignment Agreement is in his own handwriting. They are in the hand of Deric Torres, Vice President of CLARS. See Edwin Li affirmation ¶ 14, quoted above. In addition, as quoted above, CLARS did not catalog the clocks's age as they told by Edwin Li, EM Time or even Qiusheng. But even taking the allegations of the Third Party Complaint as true, they hardly rise to the level of particularity required by FRCP 9(b) to support a claim of fraud or mistake by Edwin Li (or by EM Time).

Normally, attempts to pierce the corporate veil rely, in part, on abuses of the corporate form. In this case, Edwin Li's affirmation asserts that the corporate form was follows. EM Time is clearly not the alter ego of Edwin Li. In addition Mr. Li's domination of the corporation was

8

not "wrong", if any, which caused the alleged damage.  The "wrongs" that are pleaded are misleading statement made by Qiusheng, in Mandarin, with Edwin Li merely translating to CLARS employee.  Note that the facts show that CLARS did not reply on those statements but did its own investigation and indeed, CLARS states that Ye Olde did its own investigation.  The following cases deal with contract situations but all involve tortious conduct. Nevertheless the courts did not permit piercing of the corporate veils. In these cases, the court look to all the facts surrounding the attempted piercing.  It is not a simple operation. *Gartner v. Snyder,* 607F.2d. 582, (1979); *Avila v. Distinctive Development Co., LLC*, 120 A.D.3d 449, 991 N.Y.S.2d 89 (2d Dep't 2014); *172 Van Duzer Realty Corp. v. 878 Education, LLC*, 142 A.D.3d 814, 37 N.Y.S.3d 117, 334 Ed. Law Rep. 585 (1st Dep't 2016); *Moshan v. PMB, LLC*, 141 A.D.3d 496, 36 N.Y.S.3d 445 (1st Dep't 2016); *Board of Managers of Beacon Tower Condominium v. 85 Adams Street, LLC*, 136 A.D.3d 680, 25 N.Y.S.3d 233 (2d Dep't 2016); *American Media, Inc. v. Bainbridge & Knight Laboratories, LLC*, 135 A.D.3d 477, 22 N.Y.S.3d 437 (1st Dep't 2016); *Fairpoint Companies, LLC v. Vella,* 134 A.D.3d 645, 22 N.Y.S.3d 49 (1st Dep't 2015)

On that basis the Fourth and Fifth Causes of Action for False Promise and Breach of Contract should be dismissed. As further discussed below, EM Time did not, and certainly not Edwin Li, enter into any contract with CLARS and made no promises to it.

Nor could Edwin Li or EM Time be held to any claim for rescission, as the affirmation of Edwin Li shows that neither he nor EM Time got any money from this transaction.  The money went directly from CLARS to Qiusheng.

## VI.    TORT CLAIMS

That leaves the tort claims, particularly the First (Intentional Misrepresentation), Second (Negligent Misrepresentation) and the Third Cause of Action (Concealment).  The other tort

9

causes of action are torts essentially dependent on the same analysis. Tort claims such as these must show a right to rely on defendants and in fact that they did relay on the defendants

Moreover, the pleadings, and Edwin Li's affirmation show that CLARSs was well positioned as Edwin Li and EM Time to ascertain the facts alleged to be false; namely the history of the clocks and their age. The pleadings and affirmations show they in fact did not rely EM Time or Edwin Li, but made their own investigation.  Indeed they wrote the catalog as they saw fit disregarding what they were told.  Edwin Li aff. ¶17.

## VII.    THE COURT SHOULD EXERCISE ITS DISCRETION UNDER  28 U.S.C. § 1367(c)(4) TO DISMISS THIS CASE

28 U.S.C. § 1367 is the codification of the long-established principles of pendant and ancillary jurisdiction.  EDWIN and EM TIME were brought into this court pursuant to 28 U.S.C. § 1367, under the doctrine of supplemental jurisdiction. Section 1367(a) provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," conferring power in mandatory terms, while sections 1367(b) puts limitations on when supplemental jurisdiction may be used, and section (c) sets forth those occasions a federal court may use its discretion not to hear a supplemental claim.  Situations where a court may use its discretion under section 1367(c) are where:

i. "the claim raises a novel or complex issue of State law,
ii. the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
iii. the district court has dismissed all claims over which it has original jurisdiction, or
iv. in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

10

Supplemental Jurisdictions as "a doctrine of discretion" (United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)) is meant to enable courts to be able to "deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349-50, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). While, essentially, sections 1 through 3 "are rephrased *Gibbs* factors," (*R. Hinkle*, The Revision of 28 U.S.C. § 1367(c) and the Debate Over the District Court's Discretion to Decline Supplemental Jurisdiction, 69 Tenn. L. Rev. 111, 120 (2001)), and are instructive, the facts of this case strongly favor dismissal under section 1367(c)(4).

The Second Circuit has established the following four factors when deciding whether to exercise its discretion under supplemental jurisdiction:

(1)    whether state law claims implicate the doctrine of preemption
(2)    judicial economy, convenience, fairness, and comity;
(3)    the existence of novel or unresolved questions of state law, and
(4)    whether state law claims concern the state's interest in the administration of its government.

*Drake v. Laboratory Corp. of America Holdings*, 323 F. Supp. 2d 449, at 452-453 Dist. Court, ED New York (2004) (quotation and citation omitted). It is this second factor that requires further discussion.

**A.    The Court Maintaining Jurisdiction Over Edwin Li and E.M. Time Is Highly Inconvenient and Unfair**

It is at the discretion of the court as to whether it will exercise supplemental jurisdiction, and in this instance, it is appropriate to do so.

As was stated, both Edwin Li and E.M.Time are residents of the State of California. CLARS acknowledged it its Third Party Plaintiffs Complaint that Edwin and EM Time were acting as agents to Quisheng. Edwin and EM Times actions were in furtherance of the interests

11

of Quisheng.  There was no promises made by Edwin and EM Time, nor consideration sought for the assistance that they were providing to Quisheng. The reason for this is obvious: Quisheng is Edwin's father. The pleadings make this clear as well. While CLAR's pleadings combine the two individuals as one, referred to as the "LIS" in its third party complaint, the reason for doing so is presumably to ascribe the comments made by the principle to the agent.  Yet CLARS also acknowledges in its Third Party Complaint that Edwin "Handled all discussions and communications with CLARS on Quisheng's behalf concerning the clocks." *Third Part Complaint* at 2.  Quisheng is not an employee of EM Time, nor is alleged to be so. There are no actions that have been alleged that were taken by Edwin and/or EM Time that would give rise to treat father and son as one entity.

Furthermore, the elements that this court identified for denying CLAR's motion to dismiss have not been plead here. There is no contract between Edwin and EM Time, and CLARS and YE Olde. Edwin and EM Time have no privity with Ye Olde, nor did they have any contact with Ye Olde leading up to the sale of the clocks. Furthermore, Quisheng is the principle, and the one that signed the Consignment Agreement. If it was not for the diversity that existed between Plaintiff and Defendant, the issues being decided by this court are wholly state law claims. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law" *Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130.  Bringing California residents into the New York Jurisdiction, along with all of the accompanying costs that are associated with traveling. However, CLARS, as a California resident itself, would not be prejudiced by bringing an action in the California court.

12

Edwin Li and EM Time would go through the factors outlined by the Court concerning venue, but I appears that except as stated above, 28 USC § 1367 does not contemplate that.

## VIII.    CONCLUSION

Based on the foregoing, Edwin and EM Time respectfully requests this court exercises its discretion, and dismiss this case pursuant to 28 U.S.C. § 1367(c)(4) or, in the alternative, transfer of this action to the Northern District of California pursuant to 28 U.S.C. section 1404(a).

Dated:  April 24, 2019                                    Respectfully submitted,

By  s/s Martin Mushkin  (MM#7921)
1100 Summer St.
Stamford, CT 06905
Tel; 203-252-2357
Fax: 203-547-7540
Email: mmushkin@mushkinlaw.com

To: counsel to the Plaintiff and counsel to the Defendant/Third Party Plaintiff by ecf.

13